MILLS NOVELTY CO. v. RUDOLPH WUR-
LITZER CO.

LESLEY & SCHOEN v. SAME.

(District Court, N. D. Illinois, E. D.   January
26, 1926.)

Nos. 1483, 1484.

1. Patents ⬤⟶328.

Sandell patent, No. 852,848, claim 1, for
coin-receiving automatic music-playing device,
*held* valid and infringed.

2. Patents ⬤⟶328.

Lesley and Schoen patent, No. 1,198,861,
claims 3, 4, and 5, for coin-receiving automatic
music-playing device, *held* valid and infringed.

3. Patents ⬤⟶328.

Lesley and Enz patent, No. 1,198,860, claims
10 and 11, for self-closing player-controlling
switch for use in coin-receiving automatic mu-
sic-playing device, *held* valid and infringed.

In Equity. Patent infringement suits by
the Mills Novelty Company and by Lesley &
Schoen against the Rudolph Wurlitzer Com-
pany. Decrees for plaintiffs.

Dyrenforth, Lee, Chritton & Wiles, of
Chicago, Ill., for plaintiffs.

Charles S. Burton and Thomas H. Sher-
idan, both of Chicago, Ill. (Robert H. Park-
inson, of Chicago, Ill., of counsel), for de-
fendant.

CARPENTER, District Judge. In the
first suit, defendant's two devices are charged
to infringe claim 1 of the Sandell patent,
No. 852,848, and of these the newer device
is charged also to infringe claims 2 and 3
thereof. In the second suit, both devices are
charged to infringe claim 11 of the Lesley
and Enz patent, No. 1,198,860, and the first
device is charged also to infringe claim 10
thereof, and claims 3, 4, and 5 of the Les-
ley and Schoen patent, No. 1,198,861. The
new device is a modification produced after
suit was filed.

[1] At the hearing, defendant practically
conceded the validity of the Sandell patent,
arguing only noninfringement, in view of
limitations imposed by the prior art. The
three patented devices and defendant's two
devices, although quite complex and differ-
ing in many details, have the same basic
principle of action. Upon the introduction
of a coin, a stop member automatically moves
away from its normal position, and a player-
controlling switch closes, starting the play-
ing of a piece of music. If additional coins
are put in, the stop member moves by steps,
one step for each coin, farther and farther
from normal position. At the end of a musi-
cal selection, which may be of any length,
a perforation in the music sheet, through
electric or pneumatic connections, causes the
stop member to move backwards one step
towards normal position. The stop member
thus moves one step from normal for each
coin, and one step towards normal for each
piece played. When a piece has been played
for each coin, and the stop member has re-
turned to normal, the player-controlling
switch is thereby caused to open and the
music-playing machine stops.

If, as plaintiff asserts, this plan of op-
eration was Sandell's contribution to the art,
defendant's devices infringe, since, in a broad
sense, they are reversals of Sandell's mech-
anism. Sandell's stop member is positive-
ly moved one step by each coin, while defend-
ant's devices have coin-controlled escape-
ments, which permit the stop members to
be moved, by a spring in defendant's first
device, and by gravity in the new device.
The stop perforation in Sandell's music
sheet permits the stop member to be moved
back by gravity one step for each piece
played, while defendant's perforation posi-
tively causes the return of its stop members.

Thus Sandell's stop member is *forced*
away from normal by coins and *allowed* to
return, while defendant's is *allowed* to move
away and *forced* to return. The difference
is immaterial to the broad invention, unless
made vital by the art, although it may be
conceded that defendant's devices embody
some advantages over Sandell. The appli-
cability of the meter art cited to the controll-
ing of a music-playing device which must
play pieces of varying lengths in succes-
sion, and must play a full piece, whatever
its length, for each coin, is not obvious.
Hence the meter art does not impose on the
Sandell invention the limitations contended
for. The stacked coin devices have no bear-
ing on the invention, since they lack San-
dell's mechanical elements, his plan of op-
eration, and many of its advantages.

The Whitlock prior use defense is the
one most seriously urged. Whitlock tried
and abandoned his first device, which lacked
the present invention, and may be ignored.
He then built a number of devices, somewhat
like Sandell's except as to automatic opera-
tion, installed them on a mechanical harp,
which he was making, and sold some, but
not many, to the public. They were appar-
ently unsatisfactory, were recalled, and re-
placed by his third device, which was of the
stacked coin type, and is unimportant here.
The Patent Office, in interference proceed-
ings, has held that, when devices which are
sold to the public fail in use, are recalled,

and are replaced by devices of a different kind, they constitute in law a mere abandoned experiment, rather than a completion of the invention. The equity and common sense of the Patent Office rule is clear.

Plaintiff, too, satisfactorily antedates any date clearly established for Whitlock's device No. 2. It follows that the prior art does not narrow the Sandell invention to the extent urged, and that plaintiff in the first suit should have a decree as prayed.

[2, 3] The patents in the second suit disclose narrow improvements on Sandell's broad invention, which produce a simpler, more positive, and somewhat more satisfactory embodiment thereof. Defendant's first device is a very close copy of the Lesley and Schoen device, differing from Sandell's more primitive structure in the very same respects in which Lesley and Schoen have improved upon it. Infringement by this device is clear, and defendant's close simulation demonstrates such merit in the improvements of Lesley and Schoen as strongly to indicate the presence of invention therein. The art certainly does not anticipate this patent.

Defendant's new device, designed pendente lite, avoids the palpable infringement of its first, but is charged to retain the feature of claim 11 of the Lesley and Enz patent. Lesley and Enz employ, in the comprehensive combination of Sandell, a self-closing player-controlling switch, and provide a projection or part on the stop member which directly strikes the switch to force it open when the stop member is in normal position, and which, when the stop member moves, under the influence of a coin, away from normal, withdraws from the switch, rendering it active, as the claim states, to close. Both devices of defendant have this feature, which is believed to be sufficiently pointed out in claims 10 and 11 sued on. (Claim 10 is narrower, defining the stop member as rotatable, and is applicable only to defendant's first device, whereas claim 11 is applicable to both.) The provision in the combination of a self-closing switch, which is rendered active by the withdrawal of the stop member, was specifically new with the patentee, and results in simplification and positive action. Inasmuch as defendant entirely redesigned its device after suit was brought, apparently to avoid infringement so far as was commercially feasible, its retention of this feature is persuasive at least, and significant of its merit in the combination.

Plaintiff may present a decree in both cases.